1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11

| | | |
|---|---|---|
| Kent Griffin, | ) | CV 13-00237-RSWL-MRW |
| | ) | |
| | ) | **STATEMENT OF** |
| | ) | **UNCONTROVERTED FACTS AND** |
| Plaintiff, | ) | **CONCLUSIONS OF LAW RE:** |
| | ) | **DEFENDANT SUNDT'S MOTION** |
| v. | ) | **FOR SUMMARY JUDGMENT** |
| | ) | [18] |
| | ) | |
| Milwaukee Electric Tool | ) | |
| Corporation, Sundt | ) | |
| Construction Inc. Southern | ) | |
| California, Does 1 to 100 | ) | |
| inclusive, and Sundt | ) | |
| Construction Inc, *an* | ) | |
| *Arizona corporation –* | ) | |
| *formerly Doe 1* | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

     After consideration of all the papers submitted pursuant to Defendant Sundt Construction Inc.'s ("Defendant Sundt") Motion for Summary Judgment [18], the Court makes the following findings of fact and

1

conclusions of law:

## UNCONTROVERTED FACTS

1. Defendant Sundt Construction, Inc. ("Defendant Sundt") is a general contractor, which had subcontracted Bergelectric Corporation ("Bergelectric") to help construct a recreational center at California Polytechnic State University, in the County of San Luis Obispo ("the Premises"). Compl. ¶¶ 6, 8.

2. Defendant Sundt subcontracted Bergelectric for electrical work at the Premises. Baker Decl., Ex. A at 13-16.

3. Bergelectric was responsible for furnishing and paying for, *inter alia*, all labor, materials, equipment, supplies, tools, machinery, and other services and items required for the completion of the subcontract work. Baker Decl., Ex. A at 2.

4. Plaintiff Kent Griffin ("Plaintiff") was employed by Bergelectric. Compl. ¶ 8.

5. On or about October 10, 2011, Plaintiff was working on the Premises. Plaintiff touched a live wire, sustained an electric shock, which threw him off the ladder, and as a result, he sustained injuries. Id.

6. Bergelectric had a "lockout/tagout" procedure. The "lockout/tagout" is a device an employee puts on a circuit breaker with a lock and a tag indicating that the employee is working on the circuit. If an employee has "locked and tagged" the circuit, the assumption is

1 that the employee has turned the circuit off.
2 Deposition of Kent Griffin ("Griffin Depo.") 62:14-20.
3     7.   Defendant Sundt had no responsibility or
4 involvement in the lockout/tagout procedures. Id. at
5 195:6-16.
6     8.   Defendant Sundt did not directly supervise
7 Plaintiff's work. Id. at 99:15-19.

### CONCLUSIONS OF LAW

9     1.   To prevail on his negligence claim, Plaintiff
10 must establish: (1) a legal duty to use reasonable
11 care, (2) breach of that duty, (3) proximate [or legal]
12 cause between the breach and (4) the plaintiff's
13 injury. Spencer v. DHI Mortg. Co., Ltd., 642 F. Supp.
14 2d 1153, 1160 (E.D. Cal. 2009) (citing Mendoza v. City
15 of Los Angeles, 66 Cal. App. 4th 1333, 1339 (1998)).
16     2.   "The existence of a legal duty to use
17 reasonable care in a particular factual situation is a
18 question of law for the court to decide." Id. (citing
19 Vasquez v. Residential Investments, Inc., 118 Cal. App.
20 4th 269, 278 (2004)).
21     3.   The common law general rule is that an
22 individual who hires an independent contractor is
23 generally not liable for injuries to others caused by
24 the independent contractor's negligence in performing
25 the hired work. Kinsman v. Unocal Corp, 37 Cal. 4th
26 659, 670 (2005).
27     4.   However, where the hirer retains control over
28 any part of the work, a hirer may be liable for

1 injuries to an independent contractor's employee.  See
2 Hooker v. Dep't of Transp., 27 Cal. 4th 198, 213-14
3 (2002).  The imposition of tort liability for injuries
4 to an independent contractor's employee depends on
5 whether the hirer exercised the retained control in a
6 manner that affirmatively contributed to the
7 plaintiff's injuries.  Id.

    5.  Defendant Sundt did not retain control over the work engaged by Plaintiff, given that (1) Bergelectric provided all materials used by its employees to perform the subcontract work, (2) Defendant Sundt had no involvement in the "lockout/tagout" procedures and (3) Defendant Sundt did not supervise Plaintiff's work.

    6.  Even if Defendant Sundt had the power to control safety procedures on the Premises, Defendant Sundt is not liable to Plaintiff for failing to direct the subcontractor to take safety precautions where, as here, there is no evidence that any conduct by Defendant Sundt contributed affirmatively to Plaintiff's injuries.  See Hooker, 27 Cal. 4th at 211-212 (citing Kinney v. CSB Const., Inc., 87 Cal. App. 4th 28, 36 (2001)).

    7.  Where, as here, Plaintiff fails to present a triable issue as to whether Defendant Sundt's exercise of retained control affirmatively contributed to

//
//
//

Plaintiff's injuries, summary judgment is appropriate. See Hooker, 27 Cal. 4th at 212.

**IT IS SO ORDERED.**

DATED: January 17, 2014

*RONALD S.W. LEW*

_____

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge